**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BOBBY JOE STEWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1956MLM |
| | ) | |
| **WEST ASSET MANAGEMENT, et al.,**[1] | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Plaintiff Bobby Joe Steward ("Plaintiff"). Doc. 9. Defendant Western Asset Management, Inc. ("WAM") filed a Cross Motion for Summary Judgment and a Response to Plaintiff's Motion for Summary Judgment. Docs. 15, 16. Plaintiff has filed a Response to WAM's Cross Motion for Summary Judgment and a Reply to WAM's Response to Plaintiff's Motion for Summary Judgment. Doc. 23. Also, before the court are two Motions titled "Plaintiff's Additional Party as Defendant" filed by Plaintiff. Docs. 22, 29. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 21.

## MOTIONS TO ADD DEFENDANTS

The conduct which is the subject of Plaintiff's Complaint involves WAM's seeking to collect from Plaintiff the balance due on a loan made by Massachusetts High Education Assistance Corp. d/b/a American Student Assistance ("ASA") to Plaintiff. Plaintiff seeks to add Educational Credit Management Corporation ("ECMC") as an additional party defendant based a February 18, 2010

---

[1] The court previously granted Plaintiff's Motion to Dismiss Defendant Massachusetts High Education Assistance Corp. d/b/a American Student Assistance. Doc. 36. As such, American Student Assistance is no longer a party in this case.

letter sent by ECMC to Plaintiff.  In this letter ECMC sought to collect Loan #516295, made to Plaintiff by ECMC.  ECMC's February 18, 2010 letter sought to collect a debt other than the debt which is the subject of this lawsuit.[2]  As such, the court will deny Plaintiff's Motion to add ECMC as a defendant in the matter under consideration. Doc. 29.  Plaintiff is advised that in the event he wishes to bring a cause of action against ECMC based on the February 18, 2010, letter he must file a separate lawsuit.

Plaintiff has also filed a motion to add counsel for ASA, Maria N. Rabieh, as a party defendant. Doc. 22.  The court has granted Ms. Rabieh's Motion to Appear Pro Hac Vice on behalf of American Student Assistance. Docs. 31, 32.  In support of his Motion to add Ms. Rabieh as a defendant, Plaintiff alleges that Ms. Rabieh was functioning as a third-party debt collector when she spoke to him on the telephone and that, therefore, it is proper to name her as a defendant in this lawsuit.  To the extent Ms. Rabieh spoke with Plaintiff, who is pro se, Ms. Rabieh was functioning as an attorney representing a party in the pending lawsuit; she was not acting as a debt collector. She was merely attempting to comply with the court's order concerning the submission of a Joint Proposed Scheduling Plan.  Under such circumstances, it was proper for Ms. Rabieh to discuss matters relevant to this lawsuit with Plaintiff.  The court will, therefore, deny Plaintiff's Motion to add Ms. Rabieh as a defendant. Doc. 22.

## SUMMARY JUDGMENT STANDARD

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2]  The debt which is the subject of this lawsuit and which was referred to WAM by ASA for collection is Loan # #1680092, with a balance of $16,399.07.  The debt referenced by ECMC in its February 2010 letter to Plaintiff was Loan #516295, with a balance of $24,084.  Plaintiff does not suggest that ECMC referred this loan to WAM for collection.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn.& E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of the parties' Motions.

3

## UNDISPUTED FACTS [3]

In his Complaint, filed November 27, 2009, Plaintiff alleges that WAM sent a correspondence to him, dated November 3, 2009; that in this correspondence WAM sought to collect the balance due on a student loan which ASA made to Plaintiff; that Plaintiff does not owe the debt which WAM was attempting to collect in its November 3, 2009 letter because Plaintiff is a disabled veteran and because the loan had been discharged; and that WAM's conduct in this regard violates the "Racketeer Influenced & Corrupt Organizations" Act and the "Higher Education Opportunity Act." Plaintiff seeks damages, including "freez[ing] of WAM's assets." Doc. 1 at 1-4.

Plaintiff attached to his Complaint three documents titled "Loan Discharge Application: Total and Permanent Disability," which were signed by Plaintiff on August 7, 2002, September 3, 2005, and September 20, 2005, respectively. Doc. 1-1. Plaintiff also attached to his Complaint a November 19, 2003 letter from the Department of Veterans Affairs stating that it had found Plaintiff "totally disabled and entitled to waiver of premiums [on his Government life insurance] from December 3, 2002." Doc. 1-1. Plaintiff further attached to his Complaint statements from physicians and from Goodwill that Plaintiff is not able to work and/or that he is disabled.

On November 2, 2009, ASA placed an account in the name of Plaintiff with WAM for collection. Def. Ex. A, Zolczynski Aff., ¶ 4. On November 3, 2009, WAM sent Plaintiff a letter, which stated, in relevant part, that Plaintiff's account with ASA, #1680092, had been placed for collection with WAM; that unless Plaintiff notified WAM "within 30 days after receiving this notice that [he] dispute[d] the validity of this debt or any portion thereof, [WAM] [would] assume the debt

---

[3] The facts are undisputed unless otherwise stated. In addition to providing an Exhibit and an Affidavit in support of the Cross Motion for Summary Judgment, WAM has filed a Statement of Undisputed Facts. Docs. 15, 24. Plaintiff has not disputed the authenticity of WAM's Exhibit and has not disputed the statements made by WAM in the Statement of Undisputed Facts.

is valid." The letter further stated that if Plaintiff notified it within thirty days that he disputed the debt, WAM would obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to Plaintiff. Doc. 1-1.

WAM's account notes reflect that "no WAM employee called, spoke with or left messages for" Plaintiff. WAM's only contact with Plaintiff was its November 3, 2009 letter. Ex. A, ¶ 7. WAM never received any response from Plaintiff, written or otherwise, to its November 3, 2009 letter. Def. Facts 3-5.

## LEGAL FRAMEWORK and DISCUSSION

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § § 1961-1968, grants a private cause of action against an person who has received any income derived "through collection of an unlawful debt." An "unlawful debt" under this statute is one that is "unenforceable under State or Federal law in whole or in part ... because of the laws relating to usury." 18 U.S.C. § 1961(6)(A), and that was incurred in connection with "the business of lending money ... at a rate usurious under State or federal law." 18 U.S.C. § 1961(6)(B).

The Higher Education Act, 20 U.S.C. § 1087, provides as follows:[4]

(a) Repayment in full for death and disability

(2) Disability determinations

A borrower who has been determined by the Secretary of Veterans Affairs to be unemployable due to a service-connected condition and who provides documentation of such determination to the Secretary of Education, shall be considered permanently and totally disabled for the purpose of discharging such borrower's loans under this

---

[4] Plaintiff alleges that WAM violated the "Higher Education Opportunity Act," Section "437(a)(b)." Doc. 1 at 1, 3. On August 14, 2008, Congress passed the Higher Education Opportunity Act ("HEOA") to amend the Higher Education Act of 1965. The amendments to the Higher Education Act, § 1087, are referred to in the Higher Education Opportunity Act as Section 437(a), and amend only 20 U.S.C. § 1087(a), not § 1087(b). The amendments are not effective until July 1, 2010.

5

subsection, and such borrower shall not be required to present additional documentation for purposes of this subsection.[5]

Footnote 1 to § 1087(a) provides:

If a student borrower who has received a loan described in subparagraph (A) or (B) of section 1078(a)(1) of this title dies or becomes permanently and totally disabled (as determined in accordance with regulations of the Secretary), then the Secretary shall discharge the borrower's liability on the loan by repaying the amount owed on the loan.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) ("FDCPA") requires that an entity collecting a debt make certain disclosures to the person from whom it attempts to collect a debt. These disclosures include:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

FDCPA, 15 U.S.C. § 1692g(a).

In the event the consumer notifies the debt collector, in writing, within thirty days that the debt at issue is disputed, the debt collector is required by the FDCPA, § 1692g(b), to "cease

---

[5] 20 U.S.C. § 1087(b) is titled "Payment of claims on loans in bankruptcy." Plaintiff does not suggest that he has filed for bankruptcy so as to make this provision applicable in the matter under consideration.

collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment." Further, the FDCPA does not require that an independent investigation of the validity of a debt referred for collection be conducted. Jenkins v. Heintz, 124 F.3d 824, 828 (7th Cir. 1997).

In support of his Motion for Summary Judgment and in Opposition to WAM's Motion for Summary Judgment, Plaintiff contends that the debt which WAM sought to collect in its November 2009 letter had been discharged because he is permanently and totally disabled and unemployable due to a service-related condition. Plaintiff contends that, therefore, WAM violated the "Higher Education Opportunity Act" and RICO by attempting to collect his loan from ASA and by sending him the November 2009 letter. WAM argues that it has met its obligations under the FDCPA and that, therefore, it did not violate those statutes.

First, to the extent Plaintiff alleges a violation of the Higher Education Act,[6] the undisputed facts establish that Plaintiff did not provide WAM with his application for discharge of his loan. Second, while the undisputed facts establish that Plaintiff has applied for discharge of loans, there is no evidence that his loans were discharged for purposes of the Higher Education Act. Third, even if the loan at issue was discharged for purposes of the Higher Education Act, Plaintiff failed to provide evidence of such discharge in response to WAM's November 2009 letter. Under such circumstances, WAM could not have violated § 1087(a)(2). Fourth, upon its seeking to collect a debt on behalf ASA, WAM was obligated to comply with the FDCPA. The undisputed facts establish that WAM throughly complied with the requirements of the FDCPA as set forth above. See FDCPA, 15 U.S.C. § 1692g(a). In this regard, WAM afforded Plaintiff an opportunity to dispute the debt WAM was attempting to collect, which Plaintiff chose not to do; rather, he filed the instant lawsuit. Given

---

[6] See n.4.

the opportunity to do so, Plaintiff did not advise WAM that he had applied for or that he had received discharge of the loan at issue. Moreover, WAM had no independent obligation to investigate the validity of the debt. See Jenkins, 124 F.3d at 828. The court finds, therefore, that the undisputed facts establish that WAM did not violate the Higher Education Act; that summary judgment should be granted in WAM's favor in regard to Plaintiff's claim under the Higher Education Act; and that Plaintiff's Motion for Summary Judgment should be denied in this regard.

Further, because there is no evidence or allegations of violations of usury laws and because the undisputed facts establish that WAM did not receive any income through collection of an unlawful debt, the court finds that the undisputed facts establish that WAM did not violate RICO. As such, the court finds that summary judgment should issue in WAM's favor on Plaintiff's RICO claim and that Plaintiff's Motion for Summary Judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Cross Motion for Summary Judgment filed by Defendant Western Asset Management, Inc., is **GRANTED**; Doc. 16

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Plaintiff Bobby Joe Steward is **DENIED**; Doc. 9

**IT IS FURTHER ORDERED** that a separate Judgment incorporating this Memorandum Opinion shall issue;

**IT IS FURTHER ORDERED** that the Motions to add additional parties filed by Plaintiff are **DENIED**; Doc. 22, 29

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of April, 2010.